**Damian L. DUDLEY, Plaintiff–Appellant,**

v.

**Chaplain Arthur THIBEAULT, Defendant–Appellee,**

v.

**Sgt. Leclerc, Defendant.**

**No. 01–16304.**

**D.C. No. CV–97–00989–SMM.**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2002.*

Decided April 16, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Dudley's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM**\*\*

Arizona state prisoner Damian L. Dudley appeals pro se the district court's judgment for defendant in his action alleging that a prison chaplain denied him his First Amendment right to free exercise of his Muslim religion by preventing him from participating in Ramadan meals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

On appeal of a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo, *Ambassador Hotel Co. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir.1999), and may affirm for any reason fairly supported by the record, *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 387 (9th Cir.1994). We review for abuse of discretion the district court's evidentiary rulings. *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936–37 (9th Cir.1995).

We conclude that the district court did not err by finding that defendant Thibeault removed Dudley from the prison's Ramadan participant list based upon Thibeault's belief that Dudley had failed to comply with prison rules governing Ramadan participation. *See Ambassador Hotel Co.*, 189 F.3d at 1024. Because the district court's factual findings support the conclusion that defendant had a legitimate penological reason for removing Dudley from the Ramadan list, the district court properly concluded that Thibeault did not violate Dudley's First Amendment right to exercise his religion. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997).

The record does not support Dudley's contention that he was prejudiced by admission of defendant's exhibit 108 into evi-

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

dence. *See City of Long Beach*, 46 F.3d at 936–37.

**AFFIRMED.**